UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **WAYNE COFFEN** | : | |
| **1105 DEL CASTLE COURT** | : | |
| **BOWIE, MD 20721** | : | |
| | : | |
| **AND** | : | |
| | : | |
| **TERRA GANTT** | : | |
| **6703 SWEET SHRUB COURT** | : | |
| **CLINTON, MD 20735** | : | |
| | : | |
| **AND** | : | CIVIL ACTION NO._____ |
| | : | |
| **ANDREA MASSENGILE** | : | |
| **1711 28TH STREET, S.E. #301** | : | **JURY TRIAL DEMANDED** |
| **WASHINGTON, D.C. 20020** | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| -vs- | : | |
| | : | |
| **WASHINGTON CONVENTION &** | : | |
| **SPORTS AUTHORITY t/a** | : | |
| **EVENTS DC** | : | |
| **801 Mount Vernon Pl. N.W.** | : | |
| **Washington, D.C. 20001** | : | |
| | : | |
|     Serve: Reginald Smith | : | |
|     Resident Agent | : | |
|     801 Mount Vernon Pl., N.W. | : | |
|     Washington, D.C. 20001 | : | |
| | : | |
| **AND** | : | |
| | : | |
| **GREGORY O'DELL, CEO** | : | |
| **(in his individual capacity)** | : | |
| **801 Mount Vernon Pl., N.W.** | : | |
| **Washington, D.C. 20001** | : | |
| | : | |
| Defendants. | : | |

# COMPLAINT
(Wage Violations of the Federal Labor Standards Act (FLSA) &
District of Columbia Wage Payment & Collection Law (DCWPCL))

1

1. Plaintiffs brings this civil action against EVENTS DC formerly recognized as the Washington Convention & Sports Authority under the Federal Labor Standards Act alleging that they were misclassified as exempt employees and not paid overtime wages – and in the alternative – not paid compensatory time - ("Comp-time") as promised while employed by EVENTS DC in direct violation of the District of Columbia Wage Payment & Collection Law.

## JURISDICTION

2. This Court has jurisdiction over the subject matter of this civil action pursuant to 29 U.S.C. § 216 of the Federal Labor Standards Act.

## VENUE

3. Venue is proper in this judicial district as the conduct giving rise to the claims made herein occurred in the District of Columbia.

## PARTIES

4. Plaintiff, Wayne Coffen, ("Mr. Coffen" or collectively "Plaintiffs"), is a citizen of the United States and the State of Maryland. During the period that gives rise to this litigation, he was employed as an "Event Manager" with EVENTS DC in its convention services division. Mr. Coffin was hired by it on or about March 2008 and was misclassified as an exempt employee. He voluntarily ended his employment on April 22, 2016.

5. Plaintiff, Terra Gantt, ("Ms. Gantt or collectively "Plaintiffs"), is a citizen of the United States and the State of Maryland. During the period that gives rise to this litigation, she was employed as an "Event Manager" with EVENTS DC in its convention services division. Mr. Gantt was hired by it on July 25, 2011 and was misclassified as an exempt employee. She voluntarily ended her employment on January 12, 2016.

6. Plaintiff, Andrea Massengile, ("Ms. Massengile" or collectively "Plaintiffs"), is a citizen of the United States and the District of Columbia. During the period that gives rise to this litigation, she was employed as a "Senior Event Manager" with Events DC in its convention services division. Ms. Massengile was hired by it on March 24, 2014 and was misclassified as an exempt employee. She voluntarily ended her employment on March 24, 2016.

7. EVENTS DC, ("EVENTS DC or Defendant") is the official convention and sports authority for the District of Columbia delivering event services and venues across the District of Columbia. It owns and/or operates various entertainment venues within the District of Columbia. EVENTS DC was formerly recognized as the Washington Convention and Sports Authority and DC Sports and Entertainment Commission. It is responsible for managing and attracting conventions and sporting events to the District of Columbia. It is incorporated under the laws of the District of Columbia and headquartered at 801 Mount Vernon Place, N.W., Washington, D.C. 20001. Its current president and chief executive officer is Gregory A. O'Dell.

8. Gregory A. O'Dell ("Mr. O'Dell" or collectively "Defendants") is a citizen of the United States and upon information and belief – a resident of the District of Columbia. He is the President and Chief Executive Officer of EVENTS DC.

## FACTUAL BACKGROUND

9. Plaintiffs were hired at various times by EVENTS DC and given the title of "Event Managers" and "Senior Event Managers" under its convention services division.

10. Plaintiffs regularly worked in excess of forty (40) hours per week while employed by EVENTS DC.

11. EVENTS DC classified Plaintiffs as exempt employees and informed them that according to its May 4, 2009 Compensatory Time ("comp-time") Policy and Procedure, they would not be compensated overtime pay at a rate of time and a half for each hour worked in excess of forty (40). Instead, EVENTS DC promised to pay Plaintiffs with compensatory time for each hour worked in excess of forty (40) only.

12. Plaintiffs were placed on a seven (7) day work schedule whereby they worked in excess of forty (40) hours per week throughout their entire employment tenure.

13. Defendants listed its official job description for <u>Event Managers</u> to include: (1) reviewing "lessee contracts to ensure dates, times, leased space and equipment provided are correct and contractual provisions are fulfilled; (2) directing show services staff and contractors in delivering services for meetings and events and resolving event-related problems; (3) coordinating efforts of caterers, decorators, audio-visual, meeting services staff, etc. when organizing set-up requirements and client specifications; (4) acting as primary Washington Convention Center Authority ("WCCA") point-of-contact for show managers and implementing their specifications and requirements; (5) directing tours of the facilities for potential customers, providing expertise and consultation regarding facility capabilities and determining the needs of the potential event; (6) directing and participating in the pre-event planning, reviewing any past history of the event, initiating correspondence and conferences with show management, their suppliers, and WCCA staff; (7) assisting in the compilation and review of event and contractor charges with appropriate WCCA staff and show management, and reviewing documentation for invoice preparation; (8) preparing schedules and meeting room specifications illustrating the event requirements; (9) reviewing and preliminary approving all customer/service contractor floorplans; (10) ensuring the availability of all equipment for customer's use; (11) ensuring

compliance with all facility and appropriate governmental rules and regulations by the show management and all service providers working on the event; (12) conducting post-event critiques with show management clients for assigned events; and (13) performing a variety of related tasks and duties as assigned.

14. Defendants listed its official job description for <u>Senior Event Managers</u> to include: reviewing "lessee's license agreement to ensure dates, times, leased spaces and equipment provided are accurate and contractual provisions are fulfilled; (2) directing show services staff and contractors in delivering services for meetings and events and resolving event-related problems; (3) coordinating efforts of caterers, decorators, audio-visual, meeting services staff, etc., when organizing set-up requirements and client specifications; (4) acting as primary Events DC point-of-contact for show managers and implementing their specifications and requirements for Events DC provided services; (5) in conjunction with Events DC sales team, conducting tours of the facilities for potential customers, providing expertise and consultation regarding facility capabilities and determining the needs of the potential event; (6) directing and participating in the pre-event planning, reviewing any past history of the event, initiating correspondence and conferences with show management, their suppliers, and Events DC staff; (7) assisting in the compilation and review of event and contractor charges with appropriate Events DC staff and show management, and reviewing documentation for invoice preparation; (8) preparing schedules and meeting room specifications illustrating the event requirements; (9) reviewing and approving customer/service contractor floor plans; (10) ensuring the availability of all equipment contracted for customer's use; (11) ensuring compliance with all facility and appropriate governmental rules and regulations by the show management and all service providers working on the event; (12) conducting post-event critiques with show management; (13) participating in

the training of entry-level Event Managers; (14) assisting the assistant manager, event services, manager and/or director, event management in developing, implementing and monitoring operational policies and procedures for the department; and (15) performing a variety of related tasks and duties as assigned.

15. Despite EVENTS DC official listing of Plaintiffs' job description referenced above, Plaintiffs' primary job duties consisted of purely non-managerial, perfunctory tasks such as drafting correspondence in response to client inquiries, placing and returning phone calls, and securing room space at the Washington Convention Center for EVENTS DC clients.

16. Plaintiffs' primary job duties did not meet the executive, administrative, professional or other exemptions under the Federal Labor Standards Act or the District of Columbia Wage Payment and Collection Law.

17. Despite working in excess of forty (40) hours every week, Plaintiffs were directed by their supervisor, Joyce Watson - Director of Convention Services - to document only forty hours of actual time on their submitted time sheets.

18. Ms. Watson also informed Plaintiffs that if they did not place exactly forty (40) hours on their submitted time sheets for the number of hours worked, they would not get paid.

19. Despite implementing a Comp-time policy instead of paying Plaintiffs overtime, EVENTS DC still failed to compensate Plaintiffs for the comp-time that they would have accumulated for working in excess of forty (40) hours per week throughout their entire employment tenure

**COUNT I**
**(Violation of Federal Labor Standards Act 29 U.S.C. § 216(b))**
**EVENTS DC**

20.    Plaintiffs incorporate by reference paragraphs one through nineteen of this Complaint.

21.    Plaintiffs regularly worked in excess of forty (40) hours per week throughout their entire employment tenure with EVENTS DC.

22.    Plaintiffs were misclassified as exempt employees in violation of 29 U.S.C. § 216 of the Federal Labor Standards Act.

23.    Plaintiffs were regularly directed by their supervisor – Joyce Watson - not to submit time sheets illustrating that they worked in excess of forty hours per work week.

24.    Plaintiffs were regularly paid straight time despite working in excess of forty (40) hour per week.

25.    Defendants willfully violated the Federal Labor Standards Act when it failed to pay Plaintiffs overtime wages.

26.    Defendants willfully violated the Federal Labor Standards Act when it initiated a comp-time policy to pay Plaintiffs compensatory time instead of overtime for hours worked in excess of forty (40) per week.

27.    In the alternative, Defendants willfully violated the Federal Labor Standards Act when it failed to compensate Plaintiff's with compensatory time despite its erroneous written policy that it would do so.

28.    Plaintiffs' primary duties as event managers and senior event managers with EVENTS DC are not consistent with the administrative, professional, executive and other exemptions covered under the Federal Labor Standards Act.

29.    Defendants did not have a bona fide dispute with Plaintiffs over the payment of their overtime wages.

30. That as a direct result of Defendants failure to pay Plaintiffs overtime wages, Plaintiffs incurred a substantial loss in wages owed to them by EVENTS DC.

## COUNT II
### (Violation of the District of Columbia Wage Payment & Collection Law)
### EVENTS DC, Gregory O'Dell

31. Plaintiff incorporates by reference paragraphs one through thirty of this Complaint.

32. Plaintiffs regularly worked in excess of forty (40) hours per week throughout their entire employment tenure with EVENTS DC.

33. Plaintiffs' primary duties as event managers and senior event managers with EVENTS DC are not consistent with the administrative, professional, executive and other exemptions under the District of Columbia Wage Payment and Collection Law.

34. Plaintiffs were regularly paid straight time for only forty (40) hours worked despite always working in excess of forty (40) hours per week throughout their employment tenure.

35. Defendants willfully violated the District of Columbia Wage Payment & Collection Law when it initiated a policy to pay Plaintiffs compensatory time instead of overtime for hours worked in excess of forty (40) per week.

36. In the alternative, Defendants willfully violated the District of Columbia Wage Payment and Collection Law when it failed to compensate Plaintiffs with compensatory time that it promised them despite them working in excess of forty (40) hours per week.

37. Defendants did not have a bona fide dispute with Plaintiffs over the payment of overtime wages owed to them.

38.     For purposes of the District of Columbia Wage Payment and Collection Law, Defendant Gregory O'Dell is an employer of Plaintiffs and is culpable under the DCWPCL.

39.     That as a direct result of Defendants failure to pay overtime wages and/or compensatory time, Plaintiffs incurred a substantial loss in wages owed.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in his favor and against the Defendants on the claims brought herein and provides him with the following relief:

1.     Enter judgment in Plaintiffs favor and against Defendants for their failure to pay overtime wages;

2.     Award Plaintiff compensatory damages against Defendant to the maximum allowed under the Federal Labor Standards Act and District of Columbia Wage Payment and Collection Law or in the alternative an amount no less than $500,000.00.

3.     Award Plaintiffs treble damages relating back three years from the date of the filing of this civil action.

4.     Award Plaintiffs the costs of bringing and maintaining this civil action and including reasonable attorneys' fees, pursuant to 29 U.S.C. § 216(b); and

5.     Award such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

/s/ Jason C. Crump

---

Jason C. Crump, Bar No. 465205
**SMITH GRAHAM & CRUMP, LLC**
9701 Apollo Drive, Suite 495
Largo, MD 20774
Tel. (301) 925-2001
Fax (301) 925-2540
jcrump@smithgrahamcrump.com

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury as to all issues herein.

/s/ Jason C. Crump

Jason C. Crump