UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

WAYNE COFFEN, et al., )
)
    Plaintiffs, )
)
v. ) Civil Case No. 16-1064 (RJL)
)
Washington Convention & Sports Authority )
t/a EVENTS DC, et al., )
)
    Defendants. )

**MEMORANDUM OPINION**

(September 23, 2017) [Dkt. #26]

**FILED**
SEP 25 2017
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Plaintiffs are three individuals formerly employed by Events DC. Their lawsuit asserts that defendants paid them unlawful wages in violation of federal and District of Columbia law. Before the Court is defendants' Partial Motion to Dismiss the Amended Complaint [Dkt. #26]. Upon consideration of the pleadings, relevant law, and the entire record herein, the Court will GRANT the Motion.

## BACKGROUND

Events DC is a District of Columba corporation that owns and operates entertainment venues within the District. Am. Compl. ¶ 7 [Dkt. #25]. It is also the official convention and sports authority for the District, responsible for managing and attracting conventions and sporting events. Am. Compl. ¶ 7. For several years, Events DC employed Wayne Coffen, Terra Gannt, and Andrea Massengile (collectively "plaintiffs") as event managers and senior event manager. Am. Compl. ¶¶ 4–6. The company hired plaintiffs and classified them as "exempt" employees. Am. Compl. ¶¶ 9–11. It defined their job

duties to include a number of managerial functions, but in practice assigned them "perfunctory" tasks. Am. Compl. ¶¶ 13–15. In addition, Events DC established a written "comp-time" policy instead of paying plaintiffs overtime. Am. Compl. ¶¶ 19, 26–27.

In June 2016, plaintiffs sued Events DC and its president and chief executive officer, Gregory O'Dell. Plaintiffs' two-count amended complaint, filed November 2016, asserts claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 et seq., and the D.C. Minimum Wage Act ("DCMWA"), D.C. Code §§ 32-1001 et seq.,[1] alleging that defendants misclassified plaintiffs as exempt employees and failed to pay them overtime or compensatory time even though they worked in excess of forty hours every week. The first count asserts that Events DC failed to pay overtime wages in violation of FLSA. Am. Compl. ¶¶ 25–26. It asserts, in the alternative, that Events DC violated FLSA when it failed to provide compensatory time pursuant to the company's written policy. Am. Compl. ¶ 27. The second count asserts that both Events DC and O'Dell failed to pay overtime wages in violation of the DCMWA. Am. Compl. ¶¶ 40–48.

Defendants moved for partial dismissal in December 2016. They acknowledge plaintiffs have adequately stated a claim for overtime wages against Events DC. See Mem. Supp. Defs.' Partial Mot. Dismiss Am. Compl. 2 [Dkt. #26-1]. But they seek to dismiss as inadequately pled plaintiffs' alternative claim for compensatory time. Id. at 1. They also seek dismissal of O'Dell as a defendant. Id. at 1–2. Briefing on the Motion was completed in January, see Pls.' Opp'n Defs.' Partial Mot. Dismiss ("Opp'n") [Dkt. #27]; Reply Mem.

---

[1] The original complaint also asserted a claim under the D.C. Wage Payment and Collection Law, D.C. Code §§ 32-1301 et seq. Compl. ¶ 36 [Dkt. #2]. The amended complaint omits that claim.

2

Supp. Defs.' Partial Mot. Dismiss Am. Compl. [Dkt. #28], and I took the Motion under advisement shortly thereafter.

## STANDARD OF REVIEW

Defendants move for partial dismissal of the amended complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The court assumes the truth of all well-pleaded factual allegations in the complaint and construes reasonable inferences from those allegations in the plaintiff's favor[.]" *Sissel v. U.S. Dep't of Health & Human Servs.*, 760 F.3d 1, 4 (D.C. Cir. 2014). It "need not, however, accept inferences drawn by a plaintiff if such inferences are unsupported by the facts set out in the complaint." *Nurriddin v. Bolden*, 818 F.3d 751, 756 (D.C. Cir. 2016) (per curiam) (brackets and quotation marks omitted). Nor must it "accept legal conclusions couched as factual allegations." *Id.* (citing *Iqbal*, 556 U.S. at 678).

## ANALYSIS

Defendants argue plaintiffs' alternative claim for compensatory time must be dismissed because claims for compensatory time against a private employer are not cognizable under FLSA. I agree. FLSA provides a cause of action against "[a]ny employer who violates the provisions of section 206 or section 207 of this title." 29 U.S.C. § 216(b).

Section 206 establishes a federal minimum wage. *See* 29 U.S.C. § 206 (entitled "minimum wage"). Section 207 caps the work week for covered employees at forty hours and entitles them to receive overtime compensation for any additional hours worked "at a rate not less than one and one-half times the regular rate." 29 U.S.C. § 207(a)(1) (entitled "maximum hours"). Plaintiffs' alternative claim asserts a violation of a "written [company] policy" to give compensatory time. Am. Compl. ¶ 27. But it does not even purport to assert a violation of FLSA's minimum wage requirement or overtime-premium requirement. The claim therefore is not cognizable under FLSA. "[T]he statutory language simply does not contemplate a claim for wages other than minimum or overtime wages." *Nakahata v. New York-Presbyterian Healthcare Sys., Inc.*, 723 F.3d 192, 201–02 (2nd Cir. 2013) (affirming dismissal of "gap-time" claim); *see also, e.g., Pioch v. IBEX Eng'g Servs., Inc.*, 825 F.3d 1264, 1271 (11th Cir. 2016) ("The FLSA . . . is not a vehicle for litigating breach of contract disputes between employers and employees.") (affirming dismissal where employer withheld final paycheck); *Albers v. Bd. of Cty. Comm'rs of Jefferson Cty., Colo.*, 771 F.3d 697, 705 (10th Cir. 2014) ("The FLSA is not an all-purpose vehicle to resolve wage disputes between employers and their employees.") (affirming dismissal where employer failed to pay promised overtime rate above statutory premium).[2]

Plaintiffs attempt to avoid this obvious result by pressing the novel theory that 29 C.F.R. § 541.604 provides them with a cause of action for their compensatory time claim

---

[2] Claims for compensatory time are cognizable against a "public agency" that provides compensatory time "in in lieu of overtime compensation." 29 U.S.C. § 207(o)(1); *see also Christensen v. Harris Cty.*, 529 U.S. 576 (2000). The amended complaint does not allege Events DC is a public agency.

in the event plaintiffs are determined to have been properly classified as exempt employees. *See* Opp'n 4–5. But that provision does no such thing. It merely states that an "[a]n employer *may* provide an exempt employee with *additional compensation* without losing the exemption or violating the salary basis requirement, if the employment arrangement also includes a guarantee of at least the minimum weekly-required amount paid on a salary basis." 29 C.F.R. § 541.604(a) (emphasis added); *see also Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees*, 69 Fed. Reg. 22122, 22183–84 (Dep't of Labor Apr. 23, 2004) (adopting and explaining final rule). "Such additional compensation may be paid on *any* basis (e.g., flat sum, bonus payment, straight-time hourly amount, time and one-half or any other basis), and may include paid time off." 29 C.F.R. § 541.604(a) (emphasis added). The language of the Rule thus directly contradicts plaintiffs' assertion (which is unburdened by citation to any authority) that an "employer [who] chooses to implement" a compensation time policy must do so "at a rate of one and a half hours for each overtime hour worked." Opp'n 5 n.2. In light of these deficiencies, I must dismiss plaintiffs' alternative claim for compensatory time. In reaching this conclusion, however, I need not, and do not, decide whether plaintiffs were properly classified as exempt employees, an issue that remains in dispute in this litigation.

Defendants also argue that defendant O'Dell must be dismissed from this case because the amended complaint fails to allege that he was an "employer" within the meaning of the DCMWA. The DCMWA requires an employer to pay his employees an overtime premium for any hours worked in excess of forty hours per week. *See* D.C. Code

§ 32–1003(c). The term "employer" includes "any individual, partnership, general contractor, subcontractor, association, corporation, business trust, or any person or group of persons acting directly or indirectly in the interest of an employer in relation to an employee." D.C. Code § 32–1002(3). The parties agree that courts apply this definition by looking to the "economic reality" of the employment relationship. *Ventura v. Bebo Foods, Inc.*, 738 F. Supp. 2d 1, 5 (D.D.C. 2010) (citing *Morrison v. Int'l Programs Consortium, Inc.*, 253 F.3d 5, 11 (D.C. Cir. 2001)); *see also Guevara v. Ischia, Inc.*, 47 F. Supp. 3d 23, 26 (D.D.C. 2014) ("[T]he word 'employer' in the FLSA and the DCMWA is generally interpreted in the same way."). "In assessing that 'economic reality,' courts should consider factors such as whether the alleged employer '(1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records.'" *Bonilla v. Power Design Inc.*, 201 F. Supp. 3d 60, 63 (D.D.C. 2016) (quoting *Morrison*, 253 F.3d at 11). This test may show that more than one "employer" is liable for violations of the DCMWA. *See Thompson v. Linda and A., Inc.*, 779 F. Supp. 2d 139, 152 (D.D.C. 2011).

Here, plaintiffs have failed to allege any facts indicative of the economic reality prevailing between themselves and O'Dell, relying instead on the bare allegation that O'Dell "is the president and chief executive officer of Events DC." Am. Compl. ¶ 8 (capitalization altered); *see* Opp'n 8 ("As president and chief executive officer of Events DC, [d]efendant O'Dell can be held personally liable as an employer[.]"). In *Morrison* our Circuit reversed a grant of summary judgment where the district court erroneously

"stressed [defendant's] description of herself as a consultant" rather than examine whether that title "mirror[ed] economic reality." 253 F.3d at 11 (quotation marks omitted). Applying that principle at the motion to dismiss stage, courts in this District have rejected claims that are bare of factual allegations beyond a position or job title. For example, in *Bonilla*, the district court refused "to infer from the label 'general contractor' that [defendant] inherently wielded indirect control over those working at the project site." 201 F. Supp. 3d at 64 (quotation marks and alteration omitted). Instead, observing that the complaint was "silent" in regard to the economic reality prevailing between the parties, the court relied on *Morrison* to find that reciting the title "general contractor" was no substitute for alleging factual content concerning the employment relationship. *Id.* The same reasoning applies here. The amended complaint contains no facts beyond reciting O'Dell's title. It does not allege, for example, that O'Dell determined the rate of payment or that he controlled the conditions of plaintiffs' employment. To the contrary, the amended complaint specifically states that defendant *Events DC* hired plaintiffs, set their compensation, and defined their duties. *See* Am. Compl. ¶¶ 9–11, 15, 19. As such, I cannot allow plaintiffs to proceed against O'Dell without more.

Other cases from this District confirm my assessment of the amended complaint. Although "[t]he overwhelming weight of authority is that a corporate officer with operational control of a corporation's covered enterprise is an employer along with the corporation," *Ventura v. L.A. Howard Constr. Co.*, 134 F. Supp. 3d 99, 102 n.1 (D.D.C. 2015), careful review of the cases shows that the vast majority of the complaints surviving the motion to dismiss stage contain detailed factual allegations describing the economic

realities between the parties, *see, e.g., Villar v. Flynn Architectural Finishes, Inc.*, 664 F. Supp. 2d 94, 97 (D.D.C. 2009) (denying motion to dismiss where defendant owned company, assigned work, paid bonuses, and personally fired plaintiff); *Thompson*, 779 F. Supp. 2d at 152, 154 (denying motion to dismiss where "[t]he undisputed facts" indicated defendant "exercised a high degree of operational control over the circumstances of the plaintiffs' employment, including supervising and hiring the plaintiffs" and requiring personal auditions). Of course, "detailed" allegations are not required by Rule 8, but even complaints that *barely* surpass the low federal pleading standard contain more factual allegations than plaintiffs offer here. *See, e.g., Murcia v. A Capital Elec. Contractors, Inc.*, No. CV 16-2065 (RDM), 2017 WL 3891665, at *4 (D.D.C. Sept. 5, 2017) (recognizing as "thin" and "barely enough" allegations that plaintiffs were supervised and had their hours set by defendant). In short, I have found no case, and plaintiffs cite none, where a plaintiff surmounts a motion to dismiss merely by affixing the labels "president" and "chief executive officer" to a defendant, as plaintiffs try to do here. Because the amended complaint is bereft of anything more than these labels, O'Dell must be dismissed.

## CONCLUSION

For all of the forgoing reasons, the Court will GRANT defendants' Partial Motion to Dismiss. An Order accompanies this Memorandum Opinion.

*[signature]*

RICHARD J. LEON
United States District Judge